UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

                            Plaintiff,

        v.

JOHN THUNE, et al.,

                            Defendants.

CASE NO. C26-973-RSM-BAT

**REPORT AND
RECOMMENDATION**

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In the current proposed action, plaintiff appears to seek an injunction against several elected federal legislators in which he challenges whether Washington is a state at all, the fairness of the legislative districts, and aspects of the United States Constitution. Dkt. 1. It is nearly impossible to discern, however, what he wants, why he has standing to pursue his claims, and the legal basis for his lawsuit.

As a bar order litigant, plaintiff may submit only **three** IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).

REPORT AND RECOMMENDATION - 1

The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. Because plaintiff has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim, he may not proceed *in formal pauperis* unless he alleges that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Demos*, MC99-113-JLW. Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). Plaintiff thus has stated neither a plausible allegation of imminent harm nor a plausible claim upon which relief may be granted.

The Court recommends **DENYING** plaintiff IFP status, Dkt. 1, at 20–21, and **DISMISSING** the proposed complaint, Dkt. 1, without prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B) & (g) and standing bar orders. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). A proposed Order is attached.

REPORT AND RECOMMENDATION - 2

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 24, 2026.** Regardless of whether objections are filed, the Clerk should note the matter for **April 24, 2026**, as ready for the District Judge's consideration. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

DATED this 10th day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3